## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RUHS,** | : | |
| **22 Willow Lane** | : | **CIVIL ACTION** |
| **Shickshinny, PA 18655,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No.** |
| **vs.** | : | |
| | : | |
| **OFFICER CARL FISCHER,** | : | |
| *Individually and in his official capacity as a* | : | |
| *member of the Hellertown Borough* | : | |
| *Police Department* | : | |
| **685 Main Street** | : | |
| **Hellertown, PA 18055,** | : | |
| | : | **Jury Trial Demanded** |
| **and** | : | |
| | : | |
| **BOROUGH OF HELLERTOWN,** | : | |
| **685 Main Street** | : | |
| **Hellertown, PA 18055,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

**NOW COMES**, the Plaintiff, **MICHAEL RUHS**, by and through his legal

counsel, Joshua E. Karoly, Esquire, and with him Karoly Law Firm, LLC and does

hereby allege and aver the following:

## I.    JURISDICTION AND VENUE

1.    This action is instituted under the United States Constitution, particularly

under the provisions of the Fourth and Fourteenth Amendments, and under

1

federal law, particularly the Civil Rights Act of 1871 (hereinafter referred to as the "Act"), as amended, 42 U.S.C. §§ 1983 and 1988.

2.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, § 1343(a)(3), § 1343(a)(4) and § 1367(a), regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3.    Venue in the Eastern District of Pennsylvania is properly laid pursuant to 28 U.S.C. § 1391, insofar as the alleged unlawful conduct complained of in this Complaint, which forms the factual and legal basis of the Plaintiff's claims, arose within the geographical limits of this District in general and within the geographical limits of the Borough of Hellertown, Northampton County, Pennsylvania, in particular.

## II.    **PARTIES**

4.    Plaintiff Michael Ruhs (hereinafter "Ruhs" or "Plaintiff") is an adult individual, who has a home address of 22 Willow Lane, Shickshinny, Luzerne County, Pennsylvania, 18655.

5.    Defendant Officer Carl Fischer (hereinafter referred to as "Fischer") is an adult individual who, at all times relevant hereto, was serving in his capacity as a sworn officer of the Hellertown Borough Police Department, and was entrusted with the power to enforce the laws of the Commonwealth of Pennsylvania and the Ordinances of the Borough of

Hellertown. Defendant Fischer was entrusted to protect the Constitutional rights of those he encountered, and at all times relevant hereto, was acting under the authority and color of law, and in concert with the other Defendant in the performance or conduct of its actions, or acted independently of them.

6.    Defendant Borough of Hellertown (hereinafter referred to as "Hellertown" or the "Borough") with an address of 685 Main Street, Hellertown, Pennsylvania, 18055, operates under the Pennsylvania Borough Code (as recently repeated and reenacted, as amended, in consolidated form at 8 Pa. C.S. §§101-3501. See, Act of April 18, 2014 P.L. 432 No. 37 §1 ("The Borough Code) and, to the extent not inconsistent therewith, the Hellertown Borough Code, Ordinance No. 775, adopted September 17, 2012, and is empowered to establish, regulate, and control its Police and Police Department for the enforcement of laws and ordinances within its jurisdiction, and for the purpose of protecting and preserving the persons, property and the Constitutional rights of individuals within the geographical and legal jurisdiction of the Defendant Hellertown. The pertinent supervisory and governmental policy-making authority of the Borough is vested in, and divided among and between, the Mayor, Borough Council, the Borough Manager and the Chief of Police, who

either established or enforced policies and/or customs, or who either failed to establish or enforce necessary policies, that were directly responsible for the Constitutional injuries claimed hereafter.

## III.    PRE-DISCOVERY FACTUAL ALLEGATIONS

7.    On Tuesday, August 28, 2018 at about 2:12 p.m., Plaintiff Michael Ruhs was operating his Chevrolet pick-up truck on Main Street in the Borough of Hellertown when Defendant Patrolman Carl Fischer of the Hellertown Borough Police Department allegedly noticed that Ruhs' passing truck had an expired inspection sticker.

8.    Fischer made a U-turn to follow Ruhs' truck.

9.    Ruhs, who was unaware that Fischer had made a u-Turn to follow him, pulled his truck into a lawful parking space of the parking lot of a 7-eleven for the purpose of urgently utilizing their restroom.

10.    Fischer followed Ruhs into the 7-eleven parking lot and parked behind Ruhs' vehicle, rendering Ruhs' vehicle irremovable from its parking space.

11.    Ruhs exited his truck, still unaware of Fischer's presence, and walked toward the side of the building to search for a bathroom.

12.    Fischer verbally engaged Ruhs, and Ruhs walked back towards Fischer and asked why the Officer was contacting Ruhs.

13.    Fischer advised Ruhs that it was due to the alleged expired inspection sticker on the truck.

14.    Ruhs acknowledged Fischer and stated that he could not wait at the vehicle at that moment due to his urgent need to use the bathroom and stated to Fischer to cite the vehicle, and walked again towards the corner of the building in search of a restroom.

15.    Fischer did not follow Ruhs around the building, nor did he respond to Ruhs' statement that he urgently needed to use the restroom, but rather, Fischer remained in close proximity to the vehicles.

16.    Ruhs reappeared from the side of the building moments later, as he was unable to locate a bathroom outside of the building, and then walked directly into the 7-eleven to continue his search for a bathroom.

17.    Fischer did not say anything to Ruhs, nor did he observe any crimes being committed by Ruhs, Ruhs was not in possession of any weapons, and Ruhs did not engage with any other individuals at the 7-eleven.

18.    Instead of merely citing the vehicle for the alleged minor vehicle infraction, as was required by law, Fischer followed Ruhs inside the 7-eleven.

19.    Ruhs briefly searched the inside of the 7-eleven for a bathroom. Finding no bathroom, Ruhs then walked toward the cash register to question the cashier about restroom availability, where he was met by Fischer.

20. Fischer was fully aware at this moment that Ruhs was simply searching for a bathroom, and that Ruhs would talk with Fischer, if it was necessary, as soon as he was able to utilize the bathroom.

21. Fischer was also aware that he was only permitted to issue a citation for the alleged vehicle infraction, which he could accomplish without any contact with Ruhs.

22. Ruhs engaged the cashier and asked the cashier for the location of a bathroom, as it was an emergency. The cashier advised Ruhs that there was no bathroom on the property, but that there was a bathroom next door.

23. Ruhs again advised Fischer that he needed to urgently use the bathroom and that he would immediately return if he was needed, after he used the facilities.

24. Fischer made the decision at that moment that he was not going to permit Ruhs to use the bathroom, and reached for Ruhs' arm to place him in custody, for – according to Fischer – the summary traffic violation of operating a motor vehicle with an expired inspection.

25. Fischer was aware there was no criminal offense for which he could arrest Ruhs at that time, and that he was not authorized under Pennsylvania law to take Ruhs, a Pennsylvania resident, into custody for the alleged motor vehicle violation.

26. As a reaction, which is clearly shown on the video surveillance of the 7-eleven store, which was secured after Ruhs' arrest, Ruhs pulled back his left arm in an attempt to avoid Fischer's unlawful seizure and assault, and stepped backwards towards the door.

27. Ruhs again reiterated that he urgently needed to use a bathroom and walked towards the front door of the 7-eleven store to walk next door to use the facilities.

28. Within seconds, only a few feet from the cash register and before Ruhs could exit the 7-eleven, Fischer unlawfully and without justification deployed his Taser, striking Ruhs in the back and causing him to immediately crumble to the floor and injure himself.

29. The use of a Taser on Ruhs was wholly unnecessary and improper, and constituted an unconstitutional seizure of Ruhs.

30. It also constituted the excessive use of force especially in view of the fact that Fischer continued the electric charge for an additional unknown period of time in what is believed to be an attempt by Fischer to simply inflict pain upon Ruhs.

31. Fischer then forcefully handcuffed Ruhs, further cutting off circulation in his wrists and arms, and EMS was called to the scene.

32.    Fischer, instead of waiting for EMS and in what is believed to be against standard protocol, decided to remove the probes from Ruhs' back, further causing pain and injury to Ruhs.

33.    Ruhs was briefly evaluated by EMS and was then transported to HBPD's station.

34.    Following processing at the station, Ruhs was then transported back to the 7-eleven parking lot and released.

35.    The following day, on August 29, 2018, in order to conceal his unconstitutional conduct, Fischer completed, swore to and filed a false Criminal Complaint and Affidavit of Probable Cause wrongfully charging Ruhs with the fabricated criminal offenses of Resisting Arrest (18 Pa. C.S.A. § 5104), a Misdemeanor of the 2nd Degree and punishable by up to 2 years imprisonment and a $5,000 fine; Disorderly Conduct (18 Pa. C.S.A. § 5503 (a)(4)), a Misdemeanor of the 3rd Degree punishable by up to 1 year in prison and a $2,500 fine; and two (2) Summary Traffic Offenses, Operating a Vehicle Without Official Certificate of Inspection (75 Pa. C.S.A. § 4703 (a)) and Evidence of Emission Inspection (75 Pa. C.S.A. § 4706 (c)(5)).

36.    On September 4, 2018, the Criminal Complaint and Affidavit of Probable Cause were presented by Fischer to Magisterial District Judge Alan R. Mege.

37.    The facts in the Affidavit were sworn to by Fischer under the penalty of perjury, and as a direct result of Fischer's knowingly false and misleading averments, the aforementioned formal criminal charges were instituted against Ruhs.

38.    Due to the fabricated criminal charges Ruhs was forced to retain private criminal defense counsel at significant expense.

39.    On February 15, 2019, Ruhs' criminal defense counsel filed a Motion to Quash Return of Transcript and/or Petition for Writ of Habeas Corpus, regarding the false Resisting Arrest and Disorderly Conduct charges.

40.    On February 28, 2019 a hearing on the Motion was held before the Honorable Samuel P. Murray, Judge of the Court of Common Pleas of Northampton County.

41.    On May 29, 2019, Judge Murray issued an Order and Opinion granting Ruhs' Motion and dismissing the criminal charges of Resisting Arrest and Disorderly Conduct (the Summary traffic Offenses were not subjects of the Motion).

42.  Fischer testified under oath at the hearing before Judge Murray and, in doing so, admitted that Ruhs did not verbally threaten Fischer, nor did he hit, kick, punch, push, or even attempt to touch Fischer. In fact, Ruhs' only action was to pull his arm back to avoid being unlawfully grabbed by Fischer.

43.  Fischer also testified, under oath that no member of the public was impacted in any way by Ruhs' actions, and that Ruhs did not engage any member of the public (except the cashier to inquire about a restroom), at any time, and that no member of the public was touched, annoyed or alarmed, and in fact, as the video surveillance shows, and as Fischer further admitted during his testimony, no member of the public even paid attention to the interaction  between Fischer and Ruhs until Ruhs was suddenly and inexplicably tased at the door of the 7-eleven.

44.  After observing the tasing, all occupants of the store continued to go about their business, unaffected in any way.

45.  As a result of Fischer's intentional and wanton assault, Ruhs continues to experience emotional stress, pain, is limited in his activities, has difficulty performing his work as an over the road commercial truck driver, and has been advised that he may require surgical intervention, and that his pain and limitations may be permanent in nature.

46.   The force employed by Fischer was unreasonable and excessive, and totally unwarranted and unnecessary, and caused serious pain and suffering, and permanent damage to Ruhs.

47.   Ruhs provided no threat or resistance to Fischer when Fischer decided to attempt to grab Ruhs, nor did Ruhs provide any threat or resistance to Fischer when he further unlawfully tased Ruhs and placed him into custody.

48.   Ruhs's physical injuries included, *inter alia*; injuries to his head, face, neck, shoulders, arms, stomach, back and wrists.

49.   Ruhs may continue to require medical treatment into the indeterminate future, with some issues potentially being permanent in nature.

50.   Due to the events of that night, Ruhs has also suffered serious psychological damage which requires treatment, which will also continue into the future, as well as embarrassment and humiliation which is also indeterminate in duration.

51.   The aforesaid acts and omissions of Fischer and the other Defendant referenced further hereinafter, or one or more of them, evidence a deliberate indifference to the rights guaranteed to individuals, such as Plaintiff, under the Fourth and Fourteenth Amendments to the United States Constitution.

52.    At all times relevant hereto, the legal principles regarding the rights of persons, such as Plaintiff, to be free from the excessive use of force by a police officer, to be free from unlawful seizure, to be free from unlawful search, to the due process of law, to be free from malicious prosecutions, and the contours of those Constitutional and statutory rights, were well established, and it was not reasonable for any Defendant to believe that their actions, or failures to act, would not deprive the Plaintiff of those rights.

53.    The actions of all Defendants violated the clearly established and well-settled federal Constitutional rights of Ruhs as more clearly set forth in the Counts below.

54.    Ruhs did not physically resist, threaten, or assault Fischer in any way, and the force used against Ruhs was totally and completely unnecessary, unreasonable, excessive, reckless, wilfull, wanton,  and outrageous, warranting the award of both compensatory and punitive damages against Fischer in his individual capacity.

55.    At no time during the events described above was Ruhs a threat to the safety of himself or others.

56.    As a direct and proximate result of the said acts or omissions of Fischer, made possible by and compounded by the acts or omissions of other

Defendant as set forth hereinafter, the Plaintiff suffered, *inter alia*, the following injuries and damages:

   i.  physical and mental pain and suffering, in both the past and the predictable future, including discomfort, loss of use of bodily function, ill health, loss of sleep, and other emotional injuries including stigma, humiliation, distress, fright, PTSD and emotional trauma;

   ii.  medical and psychological expenses, past and future;

  iii.  loss of liberty;

  iv.  invasion of his privacy and freedom of association;

   v.  loss of life's pleasures;

  vi.  damage to his reputation, embarrassment and humiliation;

 vii.  loss of employment, income and shortening of economic horizons;

viii.  legal expenses for the defense of the unlawfully instituted criminal charges, and expungement of this unlawful arrest from his records;

  ix.  general damages for violation of Plaintiff's Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and to the extent the Pennsylvania Supreme Court may hereafter authorize it, relief under Article 1, Section 8 of the Pennsylvania Constitution; and

      x.  punitive damages (against Fischer individually), which are justified factually as alleged herein, and legally, because Fischer acted maliciously and/or wantonly in violating the Plaintiff's Constitutionally (federal and state) protected rights, and intentionally, recklessly and willfully engaged in reprehensible and outrageous conduct not to be tolerated in a civilized society.

57.    Plaintiff further seeks counsel fees and costs as authorized by statute.

58.    The actions of the Defendants violated the clearly established and well-settled federal Constitutional rights of Plaintiff and, it would be unreasonable for any Defendant to believe that they were not violating such rights as more clearly set forth in the Counts below.

59.    Plaintiff believes, and thus avers, that without the intervention of this Honorable Court, Plaintiff in particular, as well as others, is likely to suffer damages from similar Constitutional violations in the future, requiring injunctive relief.

60.    The Defendants, individually and collectively, at all times pertinent to the claims asserted herein, acted under color of state law.

61.    While acting under color of state law, the Defendants deprived Plaintiff of various state and federal Constitutional rights as more fully set forth herein.

## COUNT I
## 42 U.S.C. § 1983

## Excessive Force
### *Against Defendant Fischer*

62. The preceding paragraphs are incorporated herein by reference as though fully set forth.

63. The Plaintiff was subjected to a seizure within the meaning of the Fourth Amendment through the application of force.

64. The application of force against the Plaintiff was unreasonable under the circumstances and unconstitutionally excessive.

65. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested even if the arrest is otherwise proper.

66. The Defendant Fischer used excessive force in the arrest of the Plaintiff in that no use of force was justified in that there was absolutely no need for the application of any force, and in view of the fact that the amount of force actually used by the Defendant Fischer exceeded the amount of force which a reasonable officer would have used under similar circumstances, and force of a kind which violated the HBPD's own policies, deficient as they may otherwise be.

67. Accordingly, no physical force of any kind was required or should have been employed against Plaintiff here.

68.    The Plaintiff did not present any threat to the Defendant nor any other persons or property at the time he was assaulted.

69.    The Defendant used excessive force in his encounter with the Plaintiff when he reached and grabbed the Plaintiff, and then again when Defendant Fischer unlawfully tased the Plaintiff in the back, and placed cuffs on the Plaintiff in such a manner as was clearly intended to inflict pain, and which cut off circulation to the Plaintiff's hands.

70.    The use of force was not reasonable under the Constitution where, as here, there was no need for any force, especially the force that was used.

71.    The nature and degree of excessiveness utilized against the Plaintiff by the Defendant was outrageous, reprehensible, malicious, vicious, intentional, and malevolent, and clearly warrants an award of punitive and compensatory damages.

72.    As a result of the excessive use of force employed against the Plaintiff in violation of his Fourth Amendment rights, the Plaintiff suffered damages as stated herein.

73.    Defendant Officer Fischer is liable for his personal involvement in the commission of the acts complained of here.

74.    Defendant, Borough of Hellertown, is liable for the acts of Defendant Fischer pursuant to the claims of Municipal Liability (*Monell*), expressly

set forth herein, and which are incorporated by reference as if set forth *et extenso* here.

75.   Further, the conduct exhibited by subordinate municipal officer Fischer, which occurred on August 28, 2018, was not unexpected.  Neither were they the deeds of an independent, non-supervisory actor.  But, rather, they constituted predictable behavior of subordinates who operated with perceived impunity due to the deliberate indifference of their supervisors and policymakers, and their joint policies, practices and customs, which operated as the moving force behind what the Officers believed to be their unaccountable efforts to engage in what had become, all too customary, Constitutional deprivations by Hellertown Borough Police Officers.

76.   The likelihood is that, but for the alleged acts and omissions committed by the supervisors and policy makers, the injuries inflicted upon the Plaintiff would not have occurred.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such

other relief, including attorney's fees and costs, and injunctive relief, which the Court may find appropriate.

## COUNT II
### 42 U.S.C. §1983
### Unlawful Search in Violation of Fourth Amendment
### *Against Defendant Fischer*

77.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

78.  Freedom from unlawful searches of the person is one of the archetypes of the privacy protection secured by the Fourth Amendment.

79.  Warrantless searches are presumptively unreasonable under the Fourth Amendment.

80.  Defendant Fischer violated Plaintiff's Fourth Amendment rights actionable under 42 U.S.C. § 1983 by conducting a warrantless search of the Plaintiff on August 28, 2018.

81.  Defendant Fischer physically restrained Plaintiff and arrested him and performed an unlawful search of his person contributing to the damages as stated herein.

82.  Defendant Officer Fischer is liable for his personal involvement in the commission of the acts complained of here.

83.  Defendant, Borough of Hellertown, is liable for the acts of Defendant Fischer pursuant to the claims of Municipal Liability (*Monell*), expressly

set forth herein, and which are incorporated by reference as if set forth *et extenso* here.

84.    Further, the conduct exhibited by subordinate municipal officer Fischer, which occurred on August 28, 2018, was not unexpected. Neither were they the deeds of an independent, non-supervisory actor. But, rather, they constituted predictable behavior of subordinates who operated with perceived impunity due to the deliberate indifference of their supervisors and policymakers, and their joint policies, practices and customs, which operated as the moving force behind what the Officers believed to be their unaccountable efforts to engage in what had become, all too customary, Constitutional deprivations by Hellertown Borough Police Officers.

85.    The likelihood is that, but for the alleged acts and omissions committed by the supervisors and policy makers, the injuries inflicted upon the Plaintiff would not have occurred.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such

other relief, including attorney's fees and costs and injunctive relief, which the Court may find appropriate.

**COUNT III**
**42 U.S.C. § 1983**
*False Imprisonment*
*Against Defendant Fischer*

86.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

87.   Defendant Fischer subjected the Plaintiff to false imprisonment in violation of his Constitutionally protected Fourth Amendment rights.

88.   Defendant Fischer deliberately arrested, and thereafter deliberately further detained, the Plaintiff in custody.

89.   Said detention was unlawful because it lacked probable cause.

90.   The facts and circumstances, which were within the knowledge of the Defendant at the time of Plaintiff's arrest, were not sufficient to warrant a man of reasonable caution to believe that Plaintiff had committed or was committing a crime for which an arrest and imprisonment was authorized under the law.

91.   As a result of being subjected to False Imprisonment, in violation of his Constitutionally protected rights under the Fourth Amendment, Plaintiff suffered some or all of the damages alleged herein.

92.   Defendant Officer Fischer is liable for his personal involvement in the commission of the acts complained of here.

93.   Defendant, Borough of Hellertown, is liable for the acts of Defendant Fischer  pursuant to the claims of Municipal Liability (*Monell*), expressly set forth herein, and which are incorporated by reference as if set forth *et extenso* here.

94.   Further, the conduct exhibited by subordinate municipal officer Fischer, which occurred on August 28, 2018, was not unexpected.  Neither were they the deeds of an independent, non-supervisory actor.  But, rather, they constituted predictable behavior of subordinates who operated with perceived impunity due to the deliberate indifference of their supervisors and policymakers, and their joint policies, practices and customs, which operated as the moving force behind what the Officers believed to be their unaccountable efforts to engage in what had become, all too customary, Constitutional deprivations by Hellertown Borough Police Officers.

95.   The likelihood is that, but for the alleged acts and omissions committed by the supervisors and policy makers, the injuries inflicted upon the Plaintiff would not have occurred.

   **WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in

excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such other relief, including attorney's fees and costs and injunctive relief, which the Court may find appropriate.

**COUNT IV**
**42 U.S.C. § 1983**
**Unlawful Seizure / False Arrest**
*Against Defendant Fischer*

96. The preceding paragraphs are incorporated herein by reference as though fully set forth.

97. The conduct of Defendant Fischer constituted an unlawful seizure of the Plaintiff, within the meaning of the Fourth Amendment.

98. Said seizure was made by warrantless arrest and was unreasonable and without probable cause in that the facts and circumstances available to the Defendants would not warrant a prudent officer in believing that the Plaintiff had committed or was committing a crime, which would justify his arrest.

99. The Plaintiff was subjected to this unlawful seizure and arrest in violation of the Fourth Amendment of the United States Constitution.

100. As a result of the unlawful seizure and false arrest affected upon the Plaintiff, the Plaintiff suffered one or more damages as stated herein.

101. Defendant Officer Fischer is liable for his personal involvement in the commission of the acts complained of here.

102. Defendant, Borough of Hellertown, is liable for the acts of Defendant Fischer pursuant to the claims of Municipal Liability (*Monell*), expressly set forth herein, and which are incorporated by reference as if set forth *et extenso* here.

103. Further, the conduct exhibited by subordinate municipal officer Fischer, which occurred on August 28, 2018, was not unexpected. Neither were they the deeds of an independent, non-supervisory actor. But, rather, they constituted predictable behavior of subordinates who operated with perceived impunity due to the deliberate indifference of their supervisors and policymakers, and their joint policies, practices and customs, which operated as the moving force behind what the Officers believed to be their unaccountable efforts to engage in what had become, all too customary, Constitutional deprivations by Hellertown Borough Police Officers.

104. The likelihood is that, but for the alleged acts and omissions committed by the supervisors and policy makers, the injuries inflicted upon the Plaintiff would not have occurred.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in

excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such other relief, including attorney's fees and costs and injunctive relief, which the Court may find appropriate.

**COUNT V**
**42 U.S.C. § 1983**
*Malicious Prosecution*
*Against Defendant Fischer*

105.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

106.    As stated hereinbefore, on August 29, 2018, Fischer completed a false Criminal Complaint and Affidavit of Probable Cause wrongfully charging Ruhs with the fabricated criminal offenses of Resisting Arrest (18 Pa. C.S.A. § 5104), a Misdemeanor of the 2nd Degree and punishable by up to 2 years imprisonment and a $5,000 fine; Disorderly Conduct (18 Pa. C.S.A. § 5503 (a)(4)), a Misdemeanor of the 3rd Degree punishable by up to 1 year in prison and a $2,500 fine; and two (2) Summary Traffic Offenses, Operating a Vehicle Without Official Certificate of Inspection (75 Pa. C.S.A. § 4703 (a)) and Evidence of Emission Inspection (75 Pa. C.S.A. § 4706 (c)(5)).

107.   On September 4, 2018, the Criminal Complaint and Affidavit of Probable Cause were presented by Fischer to Magisterial District Judge Alan R. Mege.

108.   The facts in the Affidavit were sworn to by Fischer under the penalty of perjury, and as a direct result of Fischer's knowingly false and misleading averments, the aforementioned formal criminal charges were instituted against Ruhs.

109.   Due to the fabricated criminal charges Ruhs was forced to retain private criminal defense counsel at significant expense.

110.   On February 15, 2019, Ruhs' criminal defense counsel filed a Motion to Quash Return of Transcript and/or Petition for Writ of Habeas Corpus, regarding the false Resisting Arrest and Disorderly Conduct charges.

111.   On February 28, 2019 a hearing on the Motion was held before the Honorable Samuel P. Murray, Judge of the Court of Common Pleas of Northampton County.

112.   On May 29, 2019, Judge Murray issued an Order and Opinion granting Ruhs' Motion and dismissing the criminal charges of Resisting Arrest and Disorderly Conduct (the Summary traffic Offenses were not subjects of the Motion).

113.    Fischer was unable to establish probable cause to believe that a crime was committed and that Plaintiff committed a crime.

114.    Plaintiff retained undersigned counsel in his defense and was forced to pay substantial sums for counsel fees and costs to defend the unjust charges.

115.    The Defendants violated the Plaintiff's Fourth Amendment rights by wrongfully initiating the prosecution of Plaintiff for the above-referenced crimes.

116.    The aforesaid criminal prosecution was designed, procured, facilitated, and promoted by the Defendant as a pretext, defense and unwarranted justification for the Defendant's unlawful and un-Constitutional violation of the Plaintiff's state and federally protected Constitutional rights.

117.    The Defendant lacked probable cause to initiate the said criminal proceeding against the Plaintiff, as was established by Judge Murray's granting of the Plaintiff's Habeas Motion.

118.    The criminal proceeding in the case ended in Plaintiff's favor.

119.    The Defendant acted maliciously, as stated, or for a purpose other than bringing the Plaintiff to justice.

120.    The Plaintiff spent time in custody, and otherwise suffered a significant deprivation of liberty as a result of the Defendants' malicious bringing of the unjust and unfounded criminal charges.

121.    The Plaintiff was subjected to mental anguish knowing that he could be subjected to three (3) years in prison on the unfounded charges.

122.    Defendant Officer Fischer is liable for his personal involvement in the commission of the acts complained of here.

123.    Defendant, Borough of Hellertown, is liable for the acts of Defendant Fischer pursuant to the claims of Municipal Liability (*Monell*), expressly set forth herein, and which are incorporated by reference as if set forth *et extenso* here.

124.    Further, the conduct exhibited by subordinate municipal officer Fischer, which occurred on August 28, 2018, was not unexpected.  Neither were they the deeds of an independent, non-supervisory actor.  But, rather, they constituted predictable behavior of subordinates who operated with perceived impunity due to the deliberate indifference of their supervisors and policymakers, and their joint policies, practices and customs, which operated as the moving force behind what the Officers believed to be their unaccountable efforts to engage in what had become, all too customary, Constitutional deprivations by Hellertown Borough Police Officers.

125. The likelihood is that, but for the alleged acts and omissions committed by the supervisors and policy makers, the injuries inflicted upon the Plaintiff would not have occurred.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such other relief, including attorney's fees and costs, and injunctive relief, which the Court may find appropriate.

**COUNT VI**
**42 U.S.C. § 1983**
**Municipal Liability (Monell)**
***Against The Borough of Hellertown***

126. The preceding paragraphs, especially those which set forth, in and of themselves, facts upon which *Monell* liability against the Borough of Hellertown will safely reside, are incorporated herein by reference as though fully set forth.

127. Prior to August 28, 2018 the Defendant Borough of Hellertown either failed to develop policies or, developed and maintained policies and/or customs exhibiting deliberate indifference to the Constitutional rights of

persons in Hellertown, which caused the aforesaid violations of Plaintiff's Constitutional rights.

128. The violations of Plaintiff's Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of Defendant Fischer were directly and proximately caused by the actions and/or inactions of Defendant Borough of Hellertown, which has encouraged, tolerated, ratified, and has been deliberately indifferent to, *inter alia*, the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. The use of force by police officers, including especially the use of Tasers;

   b. The proper exercise of police powers, including, but not limited to the making of an arrest, proper search and seizure, including especially, determinations of probable cause under the Fourth Amendment and the use of force;

   c. The monitoring of officers whom it knew or should have known were suffering from emotional, psychological, and/or drug dependent problems that impaired their ability to function as officers;

d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e. Police officers' use of their status as police officers to employ the unreasonable use of force or to achieve ends not reasonably related to their police duties;

f. The failure of police officers to follow established policies, procedures, directive, and instructions regarding arrests and the use of force under such circumstances as presented by this case;

g. The failure to properly sanction or discipline officers who are aware of and conceal, and/or aid and abet, violations of Constitutional rights of citizens by other Borough police officers; and

h. The practice among the Borough's police officers of subjecting citizens to unlawful force, with the intention of precluding such individuals from instituting civil claims by falsifying the events which occurred, in official reports and/or by conducting sham investigations, and also unlawfully charging them with criminal offenses.

129. It was also the policy and/or custom of the Defendant Borough to inadequately and improperly investigate citizen complaints of police

misconduct, and acts of misconduct were instead tolerated and/or justified by the Borough, including, but not limited to, complaints of citizens.

130.    It was also the policy and/or custom of the Defendant Borough to inadequately screen during the hiring process (including psychological and drug screening) and to fail to intermittently test thereafter, and to inadequately train and supervise its police officers, including Defendant Fischer, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general, and the Defendant Officer in particular.

131.    The Defendant Borough did not require or demand appropriate in-service training or re-training of officers who were known to be deficient, were known to have engaged in police misconduct or, who were known to encourage or tolerate same.

132.    In fact, no officer of any rank, in any department of the Hellertown Borough Police Department, ever came to a training director and recommended any changes in the officer training to prevent the excessive use of force, eventhough excessive force claims were numerous, among a force of less than a dozen full time police officers.

133.    The Defendant Borough also did not adopt needed policies, which should have been intended and calculated to avoid the Constitutional violations referred to herein, including specifically those that follow.

134.    The lacking practices or procedures (or policies), which Defendant Borough was required, at a minimum, to promulgate, implement, monitor and, if necessary, modify, include, *inter alia*, the following: a heightened supervisory sensitivity and vigilance for uncovering and eradicating unconstitutional violations, especially those that are driven by overly aggressive officers; procedures whereby members of the public who have experienced Constitutional police violations are encouraged to access a simple, convenient, non-retaliatory, and responsive procedure to register their complaints and receive prompt, objective responses; procedures designed to carefully catalogue complaints (legal, formal and informal) and use of force, and their respective outcomes – by name, nature of claim, evidence available and resolution, including corrective action, if any; procedures for the efficient, effective, objective investigations of all claims and complaints, their analysis and requiring the prompt and open imposition of disciplinary, corrective action, remedial training, or policy or procedural change; procedures for promptly responding to those who registered complaints, or who self-reported, and for securing citizen

feedback concerning the resolution reached (necessary to restore good community relations and to encourage the belief that their complaints will not be ignored); procedures requiring remedial training in Fourth and Fourteenth Amendment safeguards including citizen's Constitutional rights to be free from unlawful search and/or seizure, and the use of force limitations; procedures requiring training and remedial retraining in the Fourteenth Amendment safeguards and, especially the essential need for accurate, objective and comprehensive Complaint, report and Affidavit writing; practices and procedures for officer conduct which places the focus of the truth-seeking process and on eliminating police misconduct rather than protecting it from prosecution, punishment or discipline; procedures for immediately identifying circumstances and the identity of officers who are excessive force prone and/or who file fabricated or incomplete reports; procedures for conducting both internal and external objective reviews of all claims of unconstitutional or otherwise unlawful police conduct; procedures for identifying officers who are in need of remedial training; procedures for testing the validity and efficiency of internal affairs operations; and procedures for effectively and independently, monitoring officers' drug (including steroid) or alcohol

abuse (such as random testing) and for monitoring and testing officer's mental health (including anger management issues).

135.    The existing customs within the Hellertown Borough Police Department created an unreasonable risk of injury in the absence of the above-specified supervisory practices and procedures.

136.    The Borough of Hellertown policy makers were aware that these risks existed because they were obvious and because these risks had resulted in Constitutional harms, which had occurred previously under their supervision.

137.    The Borough of Hellertown policy makers were indifferent to these risks, given their failure to eliminate or remediate those responsible for the past unconstitutional consequences of said risks, and their failure to modify departmental practices, policies, General Orders, and/or procedures which have been brought to their attention as being seriously deficient, if not unconstitutional on their face.

138.    It was the policy and/or custom of the Defendant Borough to allow and even promote the excessive use of force by its officers, as well as the commission of the other Constitutional violations described herein, including the cover-up of such acts and/or omissions.

139.  In spite of several excessive force complaints made against Hellertown
      Borough police relating to arrests, physical contact with citizens, and the
      use of manual devices which deploy force, the Borough and their police
      department have never proposed any changes to their Use of Force Policy
      to curb excessive use of force.

140.  As a result of the above described policies and customs and failure to
      enforce and/or adopt necessary and appropriate policies, police officers of
      the Defendant Borough, including Defendant Fischer, believed that their
      actions would not be properly monitored by supervisory officers or the
      Borough and reasonably believed that their misconduct would not be
      investigated or sanctioned, but would be tolerated and even encouraged.

141.  The promulgation of general orders, policies, or practices which are
      directed at creating potential defenses for officers' unconstitutional acts,
      including the unlawful seizure and acts alleged herein, rather than general
      orders, policies or practices which are directed at identifying, punishing
      and eliminating those unconstitutional acts, and which ignore the
      Constitutional protections guaranteed to all citizens, constitutes
      irrefutable evidence of the Borough, its supervisors and policy-makers,
      deliberate indifference to those rights.

142.    The above described deficient policies and customs, and the failure to enforce, modify, terminate and/or adopt necessary and appropriate policies, practices, procedures, and General Orders, demonstrates a deliberate indifference on the part of the policymakers of the Defendant Borough, and has continued to serve as the moving force behind, and the cause of, the violations of the Plaintiff's rights as alleged herein, as well as the claimed damages which resulted therefrom.

143.    But for this deliberate indifference, the injuries, which were suffered by the Plaintiff, would, in all likelihood, not have occurred.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against the Defendant Borough of Hellertown, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania and, such other relief, including attorney's fees and costs, and injunctive relief, which the Court may find appropriate.

<u>**COUNT VII**</u>
**State Assault and Battery**
***Against Officer Fischer***

144.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

36

145. Defendant intentionally and willfully assaulted and battered Plaintiff as stated hereinbefore.

146. As a result of Defendants' assault and battery, Plaintiff suffered the damages stated herein.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such other relief, including attorney's fees and costs, and injunctive relief, which the Court may find appropriate.

### COUNT VIII
**State False Arrest and Illegal (False) Imprisonment**
***Against Defendant Fischer***

147. The preceding paragraphs are incorporated herein by reference as though fully set forth.

148. Defendant Fischer illegally arrested Plaintiff and further illegally imprisoned Plaintiff.

149. As a result of the false arrest and illegal imprisonment, Plaintiff suffered the damages stated herein.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such other relief, including attorney's fees and costs, and injunctive relief, which the Court may find appropriate.

### COUNT IX
### Malicious Prosecution
### *Against Defendant Fischer*

150.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

151.    Defendant Fischer initiated, encouraged, planned or facilitated, the bringing of criminal proceedings against Plaintiff and did so maliciously and without probable cause, which resulted in a dismissal of all criminal charges against the Plaintiff.

152.    As a result of said malicious prosecution, Plaintiff suffered damages as aforesaid.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration

in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such other relief, including attorney's fees and costs, and injunctive relief, which the Court may find appropriate.

## COUNT X
### State Unlawful Search
### Against Defendant Fischer

153.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

154.    Defendant Fischer unlawfully searched the Plaintiff without a warrant or probable cause, and, not incident to a lawful arrest.

155.    As a result of said unlawful search, Plaintiff suffered damages as aforesaid.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Fischer in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Fischer in his individual capacity and, such other relief, including attorney's fees and costs, and injunctive relief, which the Court may find appropriate.

**OTHER**

156.   Plaintiff respectfully requests a jury trial.

157.   The within case is not subject to arbitration.

158.   Where permitted, the Plaintiff demands reasonable legal fees, costs, interest, expenses, delay damages, compensatory damages, punitive damages and any other damages deemed appropriate by the Court.

159.   Plaintiff requests that this Honorable Court issue declaratory and injunctive relief, as appropriate, declaring the within described practices to be unlawful, and enjoining their present and continued employment and effects.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court for each Count alleged:

a.   Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs in each of the foregoing Counts;

b.   Award punitive damages to Plaintiff against Defendant Fischer, in his individual capacity, in an amount in excess of $150,000.00 exclusive of interest and costs in each of the foregoing Counts;

c.   Award reasonable attorney's fees and costs to the Plaintiff, as may be awardable pursuant to 42 U.S.C. Section 1988, the Civil Rights

Attorney's Fees Award Act of 1976, or any other appropriate statutory provision;

d. Enter an Order enjoining Defendants from engaging in the future in the conduct identified in the Complaint as violative of 42 U.S.C. §§ 1983, the 4th and 14th Amendments of the Constitution of the United States, and Article I, Section 1, Article I, Section 8, and Article I, Section 9 of the Pennsylvania Constitution; and further affirmatively requiring the Defendant Borough to engage in appropriate remedial efforts to adopt, and enforce, policies for the Hellertown Police Department that are calculated and intended to preclude the conduct alleged to have been engaged in by Defendant Fischer and providing for the independent monitoring of same; and

e. Award such other and further relief, as this Court may deem appropriate.

Respectfully Submitted,

Dated: August 26, 2020                    By: _____

Joshua E. Karoly, Esquire
PA Attorney I.D. # 206076
527 Hamilton Street
Allentown, PA 18101
(610) 437-1252
j.karoly@karolyfirm.com
Attorney for Plaintiff